**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 23-10570-JFW(PVCx)** | Date:  March 11, 2024 |
| Title: | Artis-Ray Cash Jr. *-v-* Caesars Entertainment, Inc. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 18, 2023, Plaintiff Artis-Ray Cash, Jr. ("Plaintiff") filed a Complaint in this Court against Defendant Caesars Entertainment, Inc. ("Defendant"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

A district court has original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  However, in his Complaint, Plaintiff alleges only state law claims.  Specifically, Plaintiff alleges claims for: (1) violation of California Civil Code §§ 1789.81.5, 1798.82, 1798.83; (2) violation of California Business & Professions Code § 17200, *et seq.*; (3) negligence/negligence per se; and (4) unjust enrichment.  In addition, although Plaintiff mentions the Gramm-Leach-Bliley Act ("GLBA") in his Complaint, there is no private right of action under the GLBA.  *See, e.g., Enriquez v. Countrywide Home Lonas, FSB*, 814 F.Supp. 2d 1042 (D. Haw. 2011).  Therefore, Plaintiff has failed to demonstrate that federal subject matter jurisdiction exists.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  In this case, Plaintiff has failed to allege the citizenship of either himself or Defendant.  In addition, Plaintiff has failed to allege that the amount in controversy exceeds

$75,000.  Therefore, Plaintiff has failed to demonstrate that diversity jurisdiction exists.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **March 29, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **March 29, 2024**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.